IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH BRADDOCK,

    Plaintiff,

v.                                    Civil Action No. 5:08CV141
                                                (STAMP)
NORTHERN CORRECTIONAL FACILITY,
EVELYN SEIFERT, Warden,
RICK LOHR, Associate Warden of Security,
BRANDY GHENT, Movement Coordinator,
BILL KOLOSKI, Unit Manager,
SEAN STRONG, Unit Manager,
HOWARD SHIFLETT, Investigator
and SCOTT WHITE, Correctional Officer,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTIONS TO TRANSFER CASE**

I.    Background

The plaintiff, Joseph Braddock, is proceeding pro se[1] in the above-styled civil action. On August 14, 2008, the plaintiff filed a complaint in the Circuit Court of Marshall County, West Virginia, against numerous defendants, in which he alleges various civil rights violations under 42 U.S.C. § 1983. The defendants timely removed this action to the United States District Court for the Northern District of West Virginia.

Thereafter, the plaintiff filed two motions to transfer the case to the United States District Court for the Southern District

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

of West Virginia ("motions to transfer").  The plaintiff seeks transfer because he believes that he cannot obtain a fair jury pool in this district given that the defendants may have friends or family members who live here.  He also alleges that he cannot receive a fair hearing before this Court because his motion for appointment of counsel has been denied.

The defendants have filed memoranda in opposition to the plaintiff's motions to transfer.  The plaintiff has filed no reply.

The plaintiff's motions to transfer are now fully briefed and ripe for review.  For the reasons stated below, this Court finds that the motions must be denied.

## II. Legal Standard

A motion to transfer a case to another venue is subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a).  Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The question of where a civil action based solely on diversity of citizenship "might have been brought" is answered in 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

> giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

For a civil action which is not based wholly on diversity of citizenship, 28 U.S.C. § 1391(b) answers the question of where such action "might have been brought":

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

### III. Discussion

The federal law governing venue prohibits the transfer of this case to a court outside the Northern District of West Virginia because the plaintiff could not have initiated this action in any other federal district court. All of the defendants reside in this judicial district. Specifically, defendant Northern Correctional Facility is located in Moundsville, Marshall County, West Virginia, which is within the Northern District of West Virginia. As for the remaining named defendants, the plaintiff has not demonstrated, nor, for that matter alleged, that any defendant resides outside

3

the Northern District of West Virginia. Furthermore, the conduct and events of which the plaintiff complains occurred exclusively in the Northern District of West Virginia. Because all of the defendants appear to reside in this judicial district, and all of the events giving rise to the plaintiff's claims occurred here, venue lies only in the Northern District of West Virginia. Therefore, this action is not one which initially "might have been brought" in a federal court in the Southern District of West Virginia. In light of the restrictions which federal venue law imposes upon the transfer of a case to another district court, this Court must deny the plaintiff's motions to transfer.

Furthermore, even if this action "might have been brought" in another district, this Court would decline to order a transfer for three reasons. First, considerations of convenience weigh heavily in favor of venue in this Court. As noted above, all of the defendants appear to be residents of the Northern District of West Virginia, and all of the conduct forming the basis of the plaintiff's suit occurred here. Moreover, it appears to this Court that the witnesses and documents relating to the plaintiff's claims are located primarily -- indeed, almost exclusively -- in this district. Weighing the convenience of the parties and witnesses, this Court finds that the United States District Court for the Northern District of West Virginia provides the most appropriate venue.

Second, the plaintiff elected to file suit in the Circuit Court of Marshall County. Because Marshall County is located within the judicial district of the Northern District of West Virginia, this action could not have been removed to the United States Court for the Southern District of West Virginia. See 28 U.S.C. § 1441(a). Having chosen to bring this action in the Circuit Court of Marshall County, the plaintiff cannot now complain that his case should be transferred to another district merely because it has been removed to federal court.

Finally, to the extent that the plaintiff argues that he will be unable to receive a fair trial in the Northern District of West Virginia, he provides no evidence that he cannot obtain an impartial jury here or that a jury in the Southern District of West Virginia would somehow be "fairer." The fact that this Court has denied the plaintiff appointment of counsel at this stage is not grounds for transferring the case to the Southern District of West Virginia. Accordingly, this Court finds that the circumstances of this case strongly support venue in this district, and this Court would therefore decline to transfer this action even if permitted to do so under the federal venue statute.

IV. Conclusion

For the above reasons, the plaintiff's motions to transfer the case to the United States District Court for the Southern District of West Virginia (Docs. 27 and 30) are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein.

DATED:   February 10, 2009

>                          /s/ Frederick P. Stamp, Jr.
>                          FREDERICK P. STAMP, JR.
>                          UNITED STATES DISTRICT JUDGE