IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH BRADDOCK,

    Plaintiff,

v.                                                       Civil Action No. 5:08cv141
                                                          (Judge Stamp)

NORTHERN CORRECTIONAL FACILITY;
EVELYN SEIFERT, Warden of Security;
BRANDY GHENT, Movement Coordinator;
BILL KOLOSKI, Unit Manager;
SEAN STRONG, Unit Manager;
HOWARD SHIFLETT, Investigator; and
SCOTT WHITE, Correctional Officer,

    Defendants.

## REPORT AND RECOMMENDATION

The plaintiff initiated this action by filing a complaint in the Circuit Court of Marshall County on August 14, 2008. The complaint was served on August 15, 2008. On September 12, 2008, the case was removed to the District Court for the Northern District of West Virginia because the alleged claims fall within the authority of the Civil Rights Act, specifically Title 42 §1983 of the United States Code. On that same date, the defendants paid the required filing fee. Thereafter, the defendants filed a Motion to Dismiss on September 15, 2008. The undersigned issued a Roseboro Notice on October 8, 2008, and the plaintiff responded on October 15, 2008.[1]

## I. The Complaint

---

[1] The plaintiff's response contains no substantive merit and has not been addressed further in this Report and Recommendation.

1

In his complaint, the plaintiff claims that he is being retaliated against for filing grievances against prison staff and because of his sexual orientation. He claims that he has been moved from one unit of the prison to another, that he has been removed from double bunking, that he has been denied job opportunities, that he has not been allowed to move to an alternative facility at his request, that he is being denied protection from threats he has received from other inmates, that he is being denied protection from threats he has received from correctional officers and that the prison staff tampered with his legal mail.

## II. Answer

For their answer, the defendants have filed a Motion to Dismiss. In support thereof, the defendants assert the following:

1. plaintiff has failed to exhaust administrative remedies with regards to his claims that he was removed from double bunking and denied job opportunities,

2. plaintiff's claims with regards to being removed from double bunking and being denied job opportunities are within the discretion of the West Virginia Division of Corrections and are not actionable

3. that the determination of where to house inmates is within the discretion of the Division of Corrections and is not actionable,

4. medical treatments are not within the discretion of the defendants,

5. plaintiff does not have a claim against defendants for tampering with his mail because he failed to follow proper procedure,

6. plaintiff's claim with regards to lack of protection from threats by other inmates is moot, and

7. plaintiff's claim with regards to the lack of protection from threats by correctional officers is not actionable.

### III. Standard of Review

#### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits, and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### IV. Analysis

#### A. Plaintiff's Claims Regarding Removal of Double Bunking and Denial of Job Opportunities

"Traditionally, Federal Courts have adopted a broad hands off attitude for problems of prison administration. . . [P]rison administrators are responsible for maintaining internal order and discipline, for securing their institution against unauthorized access or escape, and for rehabilitating,

3

to the extent that human nature and adequate resources allow, the inmates placed in their custody." Procunier v. Martinez, 416 U.S. 396, 404 (1974), overruled on other grounds. [P]rison officials are given broad administrative discretion in the management and confinement of inmates, and no due process liberty interest is implicated so long as conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed and does not otherwise violate the Constitution." O'bar v. Pinion, 953 F.2d 74, 83 (4th Cir. 1991), citing Montanye v. Haymes, 427 U.S. 236, 242 (1976).

In his complaint, the plaintiff claims that he has been retaliated against in the form of being removed from double bunking and denied job opportunities. These are both forms of reclassification within the prison system, and the plaintiff is essentially claiming that he is being retaliated against in the form of being reclassified. Transfers and classifications are discretionary administrative acts. O'bar at 83. Therefore, even if true, the plaintiff's claims that he has been improperly reclassified do not state a claim upon which relief can be granted.

### B. Plaintiff's Claims of Failure to be Moved to Another Facility

As previously stated, transfers and classifications are discretionary administrative acts. Id. The transfer of inmates is "discretionary and not mandatory in nature, and as such no liberty right is created." Beasley v. Duncil, 792 F.Supp. 485, 487 (S.D.W.Va. 1992). Once again, as stated above from O'bar, prison officials are given a broad discretion in the decisions of how to manage the confinement of inmates.

In the instant matter, the plaintiff is complaining about being denied transfer to another location upon his request. Because the plaintiff does not have a right to transfer, and the decision

4

whether to transfer him lies within the discretion of the prison staff, this claim must be dismissed for failure to state a claim upon which relief can be granted.

### C. **Plaintiff's Claims Regarding Medical Treatment**

The warden, correctional officers, and other staff employed by the West Virginia Division of Corrections do not make medical decisions for prisoners (Doc. 3 p.19). Only the doctors and staff of PrimeCare, Inc. make decisions concerning the medical care of inmates, which includes testing, treatment, prescriptions, and/or referrals (Doc 3 p.19). The plaintiff alleges that his medication has been stopped and that he has a conflict with the doctor. However, in the complaint the plaintiff only names the Northern Correctional Facility; Evelyn Seifert, Warden; Rick Lohr, Associate Warden of Security; Brandy Ghent, Movement Coordinator; Bill Koloski, Unit Manager; Sean Strong, Unit Manager; Howard Shiflett, Investigator; and Scott White, Correctional Officer. None of these named individuals have anything to do with regard to the medical care of the plaintiff. Therefore, taking the allegations by the plaintiff as true, he has failed to name a proper defendant with respect to these particular allegations.

### D. **Plaintiff's Claims That His Mail Has Been Tampered With**

West Virginia Division of Corrections Policy Directive 503.00 states "[a]ny written correspondence to or from inmate and his/her attorney of record [is attorney/client mail]. Such correspondence must clearly state 'legal mail' on the envelope or must clearly indicate it is from the inmate's attorney of record." The plaintiff alleges that his legal mail was illegally opened and tampered with by prison staff. The plaintiff alleges that there were two specific instances when this tampering occurred. The first instance was on June 9, 2008, when the plaintiff received a letter that

was addressed to him. However, the envelope contained no markings or other signs that this mail was from an attorney or otherwise constituted legal mail. (Doc.3 p.20), also see (Doc. 5-3 p.7). The second instance occurred, on July 30, 2008, when the plaintiff addressed a letter to "The Law officers of Regina Daugherty." It was found, after investigation, that Regina Daugherty is the plaintiff's mother and is not a licensed attorney. Therefore because the mail in question either was not clearly marked legal mail or was not legal mail at all, there is no claim for tampering with the plaintiff's legal mail. Accordingly, this claim must be dismissed for failure to state a claim upon which relief can be granted.

**E. Plaintiff's Claim Regarding Lack of Protection from Threats of Another Inmate**

"To qualify as a case fit for Federal-Court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the Complaint is filed." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002), citing Arizonians for Official English v. Arizona, 520 U.S. 43, 67 (1997). In this case, the plaintiff is complaining of the lack of protection from threats from another inmate. The defendants state in their Motion that the inmate that the plaintiff is complaining about has been released.[2] Because there is no longer a threat to the plaintiff's safety from the complained about inmate, the claim is moot and must be dismissed.

**F. Plaintiff's Claims Refarding Lack of Protection from Threats of Correctional Officers**

---

[2] It appears from the West Virginia Corrections Website that inmate Tony Daugherty has not been released from custody, but that he and the inmate are currently in separate facilities, which renders the claim moot. The plaintiff is now located at Mt. Olive Correctional center and Tony Daugherty is located at Huttonsville Correctional Center. (www.wvdoc.com)

6

"[M]ere threats or verbal abuse, without more, do not state a cognizable claim under § 1983." Wilson v. McKeller, 254 Fed. Appx. 960, 961 (4th Cir. 2007), citing Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999). The plaintiff has alleged that he does not feel safe because of alleged threats made by the correctional officers. The plaintiff does not, however, allege any physical injuries or assaults suffered at the hands of any correctional officers. As stated above, a mere threat does not rise to the level of a cognizable claim. Therefore, taking the allegation from the plaintiff as true, the claim still must be dismissed for failure to state a claim upon which relief can be granted.

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the defendants' Motion to Dismiss (Doc. 3) be **GRANTED** and this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. In addition, it is the undersigned's recommendation that the remaining pending motions (Docs. 11, 18, 19, 22, and 26) each be **DENIED AS MOOT**.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C.

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

Dated: June 5, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE