IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH BRADDOCK,

    Plaintiff,

v.                                   Civil Action No. 5:08CV141
                                              (STAMP)
NORTHERN CORRECTIONAL FACILITY,
EVELYN SEIFERT, Warden of Security,
BRANDY GHENT, Movement Coordinator,
BILL KOLOSKI, Unit Manager,
SEAN STRONG, Unit Manager,
HOWARD SHIFLETT, Investigator, and
SCOTT WHITE, Correctional Officer,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING AS MOOT PLAINTIFF'S MOTION FOR
LEAVE TO PROCEED IN FORMA PAUPERIS,
DENYING AS MOOT PLAINTIFF'S MOTION
REQUESTING SETTING OF DATE FOR JURY SELECTION,
DENYING AS MOOT PLAINTIFF'S MOTION TO BE
REMOVED FROM NORTHERN CORRECTIONAL FACILITY,
DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL,
AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE
RESPONSE FILED OUT OF TIME AND FOR INJUNCTION TO
PREVENT THE FUTURE FILING OF MULTIPLE RESPONSES**

I.  Background

    The pro se[1] plaintiff, Joseph Braddock, is an inmate at the Mount Olive Correctional Facility, in Mount Olive, West Virginia. The plaintiff initiated this action by filing a complaint pursuant

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

to 42 U.S.C. § 1983 in the Circuit Court of Marshall County, West Virginia. The case was removed to this Court on September 12, 2008. On the same date, the defendants filed a motion to dismiss this action.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Thereafter, the plaintiff filed a motion for leave to proceed in forma pauperis. The plaintiff also responded to the defendants' motion to dismiss by filing a pleading styled, "Motion." The defendants filed a reply. The plaintiff then filed a second response, also styled, "Motion," to the defendants' motion to dismiss. Contemporaneously, the plaintiff filed a motion requesting that a date be set for jury selection and a motion requesting that he be removed from the Northern Correctional Facility. The defendants did not file any response to these two motions. However, the defendants filed a reply to the plaintiff's second response to the defendants' motion to dismiss. The plaintiff then filed a motion for appointment of counsel. Thereafter, the defendants filed a single pleading incorporating a motion to strike the plaintiff's second response to the motion to dismiss, which response was filed out of time, and a motion for an

injunction to prevent the plaintiff from filing future multiple responses. The plaintiff filed a response. No reply was filed.

On June 6, 2009, Magistrate Judge Seibert entered a report and recommendation recommending that the defendants' motion to dismiss be granted, that the complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted, and that all remaining pending motions be denied as moot. In the report and recommendation, the magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of this report. The plaintiff filed timely objections, styled "Motion." For the reasons set forth below, this Court finds that the plaintiff's objections should be overruled and the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp.

825 (E.D. Cal. 1979). Although the plaintiff in this case has filed objections, he has not claimed that the magistrate judge made any factual or legal error, nor has offered any grounds for his objections other than his desire that this case proceed to trial by a jury. Accordingly, this Court believes that the magistrate judge's report and recommendation should be reviewed for clear error. However, even under de novo review, this Court finds that the result would be the same.

III. Discussion

A. Complaint

The plaintiff complains that the defendants have retaliated against him because he has filed administrative grievances against prison staff and because of his sexual orientation. Specifically, he alleges that he was moved without justification from one unit of the prison to another, that he was removed from double-bunking, and that he was denied job opportunities. The plaintiff also claims that prison officials have prevented him from moving to an alternate facility. In addition, the plaintiff contends that he has been denied proper medical treatment. The plaintiff further alleges that prison staff have tampered with his legal mail. Finally, the plaintiff claims that the defendants have failed to provide him with protection in the face of threats from another inmate and from correctional officers.

In his report and recommendation, the magistrate judge recommended that the plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. As to the plaintiff's claims concerning double-bunking, the section of the facility where he is being confined, the denial of job opportunities, and the denial of the plaintiff's request to be moved to a different correctional facility, the magistrate judge found that these claims are properly considered forms of reclassification within the prison system and that such claims fail to state a claim because prison administrators are given broad discretion for making housing determinations. See Procunier v. Martinez, 416 U.S. 396, 404 (1974); O'bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991) (citing Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

As to the plaintiff's claims that he was denied proper medical care, the magistrate judge found that the plaintiff's allegations fail to name a proper defendant because none of the defendants named have anything to do with medical decisions pertaining to inmates. With respect to the plaintiff's claims that prison officials tampered with his legal mail, the magistrate judge found that mail in question either was not clearly marked as legal mail or was not, in fact, legal mail at all.

As to the plaintiff's allegations that the defendants failed to protect the plaintiff in the face of threats from another

5

inmate, the magistrate judge determined such claims should be denied as moot because the inmate who allegedly threatened the plaintiff was no longer housed in the same facility as the plaintiff.  See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (controversy must remain extant throughout all stages of review).  The magistrate judge also determined that the claims concerning the defendants' failure to protect the plaintiff from threats from correctional officers should be denied because mere threats do not state a cognizable claim under § 1983.  See Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999); Wilson v. McKeller, 254 F. App'x. 960, 961 (4th Cir. 2007) (unpublished) (holding that "mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983").

Finally, the magistrate judge determined that dismissal of the plaintiff's claims would render moot the remaining motions pending before this Court.  Specifically, he recommended that the following motions be denied as moot: Motion for Leave to Proceed In Forma Pauperis (Doc. 11); Motion Requesting Setting of Date for Jury Selection (Doc. 18); Motion to Be Removed from Northern Correctional Facility (Doc. 19); Motion to Appoint Counsel (Doc. 22); and Defendants' Combined Motion to Strike Response Filed Out of Time and for Injunction to Prevent Future Filing of Multiple Responses (Doc. 26).

The plaintiff filed objections to the report and recommendation. However, the plaintiff's objections do not contend legal or factual error by the magistrate judge, but rather are presented in general terms imploring this Court to permit the case to proceed to a jury. As noted above, the plaintiff's failure to allege any error by the magistrate judge or to provide any basis for objections causes this Court to conclude that the report and recommendation should be reviewed for clear error. Having thoroughly reviewed the record, the parties' pleadings, and the applicable law, this Court finds that the magistrate judge's findings and conclusions are not clearly erroneous. Moreover, even under de novo review, this Court agrees with the magistrate judge's conclusion that the plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the report and recommendation will be affirmed and adopted in its entirety.

IV. Conclusion

For the reasons set forth above, this Court OVERRULES the plaintiff's objections and AFFIRMS AND ADOPTS in its entirety the magistrate judge's report and recommendation. Accordingly, the defendants' motion to dismiss is GRANTED. Further, the plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 11) is DENIED AS MOOT; Motion Requesting Setting of Date for Jury Selection (Doc. 18) is DENIED AS MOOT; Motion to Be Removed from Northern Correctional Facility (Doc. 19) is DENIED AS MOOT; Motion to

Appoint Counsel (Doc. 22) is DENIED AS MOOT; and Defendants' Combined Motion to Strike Response Filed Out of Time and for Injunction to Prevent Future Filing of Multiple Responses (Doc. 26) is DENIED AS MOOT. It is ORDERED that the plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. In addition, it is hereby ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 3, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE